# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| James Hughey<br>207 Regency Dr., Apt 453<br>Bloomingdale, IL 60108<br><br>　　　Plaintiff,<br><br>v.<br><br>States Pre-Disposition Services, Inc.<br>c/o National Registered Agents, Inc.,<br>Registered Agent<br>3761 Venture Drive<br>Duluth, GA 30096<br><br>　　　Defendant. | CASE NO.:<br><br>JUDGE:　FILED: MARCH 20, 2008<br>　　　　　08CV1628　　　AEE<br>　　　　　JUDGE KOCORAS<br>　　　　　MAGISTRATE JUDGE COX<br><br>COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT<br>COLLECTION PRACTICES ACT<br>AND OTHER EQUITABLE RELIEF<br><br>JURY DEMAND ENDORSED HEREIN |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this action within the time frame provided by the FDCPA.

9. On August 31, 2007, Defendant filed a voluntary petition for a Chapter 7 bankruptcy.

10. Plaintiff incurred the debt at issue in this case prior to filing Plaintiff's bankruptcy petition.

11. On or around October 2, 2007, Defendant telephoned Plaintiff at Plaintiff's place of employment regarding the debt and left a message requesting a return call.

12. On or around October 2, 2007, Plaintiff telephoned Defendant in response to the above communication.

13. Throughout this communication, Defendant spoke to Plaintiff in an abusive and belligerent tone.

14. During this communication, Plaintiff told Defendant that Plaintiff had filed bankruptcy.

15. Despite Plaintiff's notice, during this communication, Defendant repeatedly demanded that Plaintiff make a payment on the debt that day

16. During this communication, Defendant stated that, if Plaintiff was not willing to satisfy the debt that day, Defendant "would find another way to get [Plaintiff's] attention".

17. During this communication, Defendant threatened to "process criminal charges" for fraud.

18. During this communication, Defendant threatened to "embarrass" Plaintiff's wife, whom also worked at Plaintiff's place of employment.

19. As a result of Defendant's conduct, Plaintiff feared that he would be arrested at his place of employment.

20. As a result of Defendant's conduct, Plaintiff feared he would lose his job.

21. Defendant damaged Plaintiff emotionally and mentally and caused substantial anxiety and stress.

22. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. In demanding payment in the amount that it did, Defendant violated 15 U.S.C. §1692e(2) in that it falsely represented the character and amount of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

33. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

34. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Timothy J. Sostrin
   Timothy J. Sostrin
   Bar ID # 6290807
   Attorney for Plaintiff
   20 W. Kinzie Street, Suite 1300
   Chicago, IL 60610
   Telephone: 866-339-1156
   Email: tjs@legalhelpers.com